UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LAMARR BETTS and RENEE BETTS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:18-cv-02923-TWP-TAB |
| | ) | |
| INTELLIGRATED SYSTEMS, LLC, | ) | |
| CROWN EQUIPMENT CORPORATION, | ) | |
| STEWART-GLAPAT CORPORATION | ) | |
| and WAL-MART STORES INC., | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR TRIAL BY JURY

Come now Plaintiffs, LaMarr and Renee Betts, by counsel, and for their second amended complaint against the Defendants, Intelligrated Systems, LLC, Crown Equipment Corporation, Stewart-Glapat Corporation and Wal-Mart Stores, Inc., and state as follows:

## NATURE OF THE ACTION

1.      This is a civil case concerning a traumatic work-related personal injury that occurred on March 15, 2017.  At all times relevant Plaintiff was employed with DHL Supply Chain, a third-party logistics company for Wal-Mart Stores, Inc., a warehouse located at 6719 W. County Road 350N, Greenfield, Indiana.  While Mr. Betts operated equipment manufactured, sold and maintained by Crown Equipment Corporation, Plaintiff came into contact with a conveyor system manufactured, sold, and maintained by Intelligrated Systems, Inc., that contained a second adjustable extendable conveyor manufactured, sold and maintained by Stewart-Glapat Corporation.  Upon contact Mr. Betts became pinned and sustained a fracture to his tibia and fibula which eventually led to a below the knee amputation of his left leg.

2.     Plaintiffs bring this products liability, premises liability and general negligence action for personal injuries including but not limited to pain, suffering, permanent disfigurement, scarring, loss of enjoyment of life, lost wages and future earnings capacity, and loss of consortium.

3.     The products liability claims include general negligence, negligent and faulty design, inspection, repair, and sale and failure to warn of defective and unreasonably dangerous equipment including conveyor systems and a pallet lifter.

4.     The premises liability claims include negligent design and layout of the premises along with a failure to maintain premises in a reasonably safe condition.

### PARTIES

5.     Plaintiffs LaMarr Betts and Renee Betts were lawfully married and residents of Hamilton, Indianapolis, Indiana on the date of this accident, March 15, 2017, and all times relevant.

6.     At all times relevant Defendant Intelligrated Systems, LLC was a for profit company incorporated and organized under the laws of State of Delaware with its principal place of business in Mason, Warren County, Ohio.  Defendant Intelligrated Systems manufactured and sold conveyor systems for industrial use.

7.     At all times relevant Defendant Crown Equipment Corporation, was a for profit corporation incorporated and organized under the laws of the State of Ohio with its principal place of business in New Bremen, Auglaize County, Ohio.  Defendant Crown Equipment manufactured and sold lifting devices including pallet riders and forklifts.

8.     Defendant Stewart-Glapat Corporation is a for profit corporation incorporated and organized under the laws of Ohio with its principal place of business in Zanesville, Ohio.

9.     Walmart Stores, Inc., is a for profit business incorporated and organized under the laws of Arkansas with its principal place of business in Bentonville, Arkansas.

## JURISDICTION

10.     This Honorable Court has diversity jurisdiction over this action under 28 U.S.C. §1332.  The parties are diverse and the amount in controversy far exceeds the jurisdictional limit.

## INCIDENT

11.     While working for DHL Supply Chain within the Walmart facility on March 15, 2017, LaMarr Betts was operating a Walkie Rider Pallet Truck internally labeled by Walmart as "PE 06."  The pallet truck labeled PE 06 is manufactured by Crown Equipment, model #PE4500-60, and is identified by serial number 6A334303.

12.     On March 15, 2017 Mr. Betts was near a loading/unloading bay area commonly referred to as "Bay 101" at the Walmart facility.  Bay 101 contains a large conveyor system comprised of two conveyors: a central commercial conveyor system with a second extendable conveyor system connected to it.  The central conveyor system is manufactured by Intelligrated Systems, Inc.  The second extendable conveyor system attached to the Intelligrated System is manufactured by Stewart-Glapat Corporation, model #2767724F8HK, serial number 1529240.

13.     Walmart was in control of the warehouse premises on March 15, 2017 and is believed to have owned the pallet rider and conveyor systems at all times relevant.

14.     On March 15, 2017 LaMarr Betts was working inside the Walmart warehouse facility as an employee of its third-party logistics provider, DHL.  While operating the pallet lifter in a congested area Mr. Betts attempted to move the lifter out of the way of other employees and product when he came into contact with the unguarded conveyor system in bay 101.  Mr. Betts indicated that the pallet lifter failed to stop or move upon command causing him to be pinned against the unguarded conveyor and sustaining injury.

## Count I Negligent Design & Manufacture Against Product Defendants

15.     Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

16.     At all times relevant Intelligrated Systems, LLC, Crown Equipment Corporation, and Stewart-Glapat Corporation designed, manufactured, inspected, tested, distributed and sold the equipment that caused LaMarr Betts injury, including but not limited to the conveyor system and pallet lifter.

17.     Intelligrated Systems, LLC, Crown Equipment Corporation, and Stewart-Glapat Corporation owed LaMarr Betts a duty to reasonably design, manufacture, inspect, test, and sell the equipment including the conveyor systems and pallet rider and their components for foreseeable use.  LaMarr Betts is in the class of persons Defendants should have reasonably foreseen as being subject to harm by Defendants' negligent actions or omission relating to Defendants' design, inspection, testing, and sales of the conveyor systems and forklift.

18.     As a direct and proximate result of Defendants' negligent design, manufacture and sale of the conveyor systems and pallet rider, Mr. Betts sustained injury.

## Count II Failure to Warn

19.     Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

20.     Intelligrated Systems, LLC, Crown Equipment Corporation, and Stewart-Glapat Corporation owed duties to warn of foreseeable dangerous conditions of the equipment they manufacture, design and sell.

4

21.     Intelligrated Systems LLC and Stewart-Glapat Corporation knew or should have known that the conveyor system required guarding from all aspects of the conveyor system, and that users of said equipment would not realize the danger of the omitted guarding.

22.     Crown Equipment Corporation should have known that the pallet rider does not reasonably respond to commands and that users of said equipment would not realize the danger.

23.     As a direct and proximate result of Defendants' failure to warn these dangers, Mr. Betts was catastrophically injured.

### Count III: Premises Liability and General Negligence

24.     Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

25.     Wal-Mart Stores Inc., owned, operated or controlled the warehouse facility where Plaintiff was injured.  Upon information and belief Walmart owned the equipment pallet rider and conveyor systems at issue in this case.

26.     Wal-Mart owed Plaintiff a duty to maintain its premises in reasonable condition. Wal-Mart breached that duty by negligently design of the facility layout, failing to properly install safety mechanisms to protect third persons from injuries occurring in bay 101 and failing to maintain its facility in a manner that would lead to injury.

27.     Wal-Mart owed Plaintiff a duty to keep the equipment it owned, including the pallet rider and conveyor system, in a reasonably safe condition.  Wal-Mart breached that duty by failing to repair, service, or inspect its equipment to keep it in a condition reasonably safe.

28.     Upon information and belief Intelligrated Systems, LLC, Crown Equipment Corporation, and Stewart-Glapat Corporation serviced and or repaired the above described equipment.   Intelligrated Systems, LLC, Crown Equipment Corporation, and Stewart-Glapat

Corporation breached that duty by failing to service, inspect or observe the unreasonable condition of the equipment.

29.     As a direct and proximate result of Defendants' negligence Mr. Betts was catastrophically injured.

## **DAMAGES**

30.     Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

31.     Mr. Betts sustained injuries proximately caused by Defendants' conduct stated herein.  As a result, Plaintiffs are seeking damages for past and future medical expenses and charges, past and future physical pain and mental anguish, past and future physical impairment, past and future disfigurement; past lost wages and future lost earning capacity and the loss of love and affection between spouses.

WHEREFORE, Plaintiffs, LaMarr and Renee Betts pray for judgment in their favor and against Defendants, Intelligrated Systems, Crown Equipment Corporation, Stewart-Glapat Corporation and Wal-Mart Stores, Inc., each of them, for compensatory damages, for the costs of this action, and for any and all other relief that the Court may deem proper under the circumstances.

Respectfully submitted,

CRAWFORD LAW LLC


*/s/ Stefanie R. Crawford*
STEFANIE R. CRAWFORD, #21587-49
*Attorney for Plaintiffs LaMarr and Renee Betts*

6

CRAWFORD LAW LLC
3815 River Crossing Parkway, Suite 100
Indianapolis, IN  46240
Phone: (317) 566-2037
FAX:   (317) 816-7001
stefanie@stefaniecrawfordlaw.com

<u>Request for Jury Trial</u>

Plaintiffs, by counsel, respectfully requests that this matter be tried by jury.

Respectfully submitted,

CRAWFORD LAW LLC

*/s/ Stefanie R. Crawford*
STEFANIE R. CRAWFORD, #21587-49
*Attorney for Plaintiffs LaMarr and Renee Betts*

CRAWFORD LAW LLC
3815 River Crossing Parkway, Suite 100
Indianapolis, IN  46240
Phone: (317) 566-2037
FAX:   (317) 816-7001
stefanie@stefaniecrawfordlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of March, 2019, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operating of the Court's electronic filing system.  Parties may access filing through the Court's system.

Thomas R. Schultz
SCHULTZ & POGUE, LLP
520 Indiana Avenue
Indianapolis, IN 46202
tschultz@schultzpoguelaw.com
*Attorney for Defendant Crown Equipment Corporation*

Christopher A. Pearcy
Theodore J. Blanford
HUME SMITH GEDDES
GREEN & SIMMONS, LLP
54 Monument Circle, 4th Floor
Indianapolis, IN 46204
cpearcy@humesmith.com
tblanford@humesmith.com
*Attorneys for Defendant Intelligrated Systems, LLC*

Notice has been sent to the following parties by certified mail with return receipt requested:

Wal-Mart Stores Inc.
c/o Registered Agent
150 West Market Street, Suite 800
Indianapolis, IN 46204

Stewart-Glapat Corporation
c/o Charles T. Stewart Jr. CEO, Registered Agent
1639 Moxahala Avenue
Zanesville, OH 43701

*/s/ Stefanie R. Crawford*
STEFANIE R. CRAWFORD, #21587-49

CRAWFORD LAW LLC
3815 River Crossing Parkway, Suite 100
Indianapolis, IN  46240
Phone: (317) 566-2037
FAX:  (317) 816-7001
stefanie@stefaniecrawfordlaw.com